

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

Samuel John Pasquale Monk )
)
_____ )
)
Plaintiff(s), ) Case Number: 1:21-cv-06678
)
v. )
J.S. Music Corporation ) **FILED**
)
aka The Exchange ) APR 2 1 2022
aka The Exchange Buy Sell Trade )
Defendant(s). )
                              THOMAS G. BRUTON
                              CLERK, U.S. DISTRICT COURT

Amended

### COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is **Samuel John Pasquale Monk** of the county of **Cook County** in the state of **Illinois**.

3. The defendant is **J.S. Music Corporation aka The Exchange Buy Sell Trade**, whose street address is **25700 Science Park Dr. #160**,
(city) **Cleveland** (county) **Cuyahoga** (state) **Ohio** (ZIP) **44122**
(Defendant's telephone number) ( **773** ) – **883-8908 (local store number)**

4. The plaintiff sought employment or was employed by the defendant at (street address)
   **935 W Belmont Ave** (city) **Chicago**
   (county) **Cook** (state) **Illinois** (ZIP code) **60657**

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

5. The plaintiff [*check one box*]

    (a) ☐ was denied employment by the defendant.

    (b) ☐ was hired and is still employed by the defendant.

    (c) ☒ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) May , (day) 8th , (year) 2021 .

7.1 *(Choose paragraph 7.1 or 7.2, do not complete both.)*

    (a) The defendant is not a federal governmental agency, and the plaintiff [*check one box*] ☒*has* ☐*has not* filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

        (i) ☒ the United States Equal Employment Opportunity Commission, on or about (month) September (day) 27 (year) 2021 .

        (ii) ☐ the Illinois Department of Human Rights, on or about (month)_____ (day)_____ (year)_____ .

    (b) If charges *were* filed with an agency indicated above, a copy of the charge is attached. ☒ Yes, ☐ No, **but plaintiff will file a copy of the charge within 14 days**.

It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2 The defendant is a federal governmental agency, and

    (a) the plaintiff previously filed a Complaint of Employment Discrimination with the

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

2

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

defendant asserting the acts of discrimination indicated in this court complaint.

☐ Yes (month)_____ (day)_____ (year)_____

☐ No, did not file Complaint of Employment Discrimination

(b) The plaintiff received a Final Agency Decision on (month)_____

(day) _____ (year) _____.

(c) Attached is a copy of the

(i) Complaint of Employment Discrimination,

☐ Yes ☐ No, but a copy will be filed within 14 days.

(ii) Final Agency Decision

☐ Yes ☐ N0, but a copy will be filed within 14 days.

8. *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a) ☐ the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue.*

(b) ☒ the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month) September (day) 30th (year) 2021 a copy of which *Notice* is attached to this complaint.

9. The defendant discriminated against the plaintiff because of the plaintiff's *[check only those that apply]*:

(a) ☐ Age (Age Discrimination Employment Act).

(b) ☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

    (c) ☒ Disability (Americans with Disabilities Act or Rehabilitation Act)

    (d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

    (e) ☐ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

    (f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

    (g) ☐ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the ADA by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791; and for the ADEA, 29 U.S.C. § 626(c).

12. The defendant [*check only those that apply*]
    (a) ☐ failed to hire the plaintiff.

    (b) ☒ terminated the plaintiff's employment.

    (c) ☐ failed to promote the plaintiff.

    (d) ☐ failed to reasonably accommodate the plaintiff's religion.

    (e) ☒ failed to reasonably accommodate the plaintiff's disabilities.

    (f) ☐ failed to stop harassment;

    (g) ☒ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

    (h) ☐ other (specify): _____

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

13. The facts supporting the plaintiff's claim of discrimination are as follows:

    See attached

14. *[AGE DISCRIMINATION ONLY]* Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☒ Yes ☐ No

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

    (a) ☐ Direct the defendant to hire the plaintiff.

    (b) ☐ Direct the defendant to re-employ the plaintiff.

    (c) ☐ Direct the defendant to promote the plaintiff.

    (d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

    (e) ☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

    (f) ☒ Direct the defendant to (specify): Reimburse Plaintiff for the $402 filing fee required to file suit in federal court.

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

5

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

_____

_____

_____

(g) ☒ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☒ Grant such other relief as the Court may find appropriate.

_____
(Plaintiff's signature)

Samuel John Pasquale Monk
_____
(Plaintiff's name)

1742 W Foster Ave #2
_____
(Plaintiff's street address)

(City) Chicago  (State) IL  (ZIP) 60640

(Plaintiff's telephone number) ( 508 ) – 397-3422

Date: 4/21/22

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

EEOC Form 161 (11/2020)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: **Samuel Pasquale Monk**
**1742 West Foster Avenue**
**Apartment #2**
**Chicago, IL 60640**

From: **Chicago District Office**
**230 S. Dearborn**
**Suite 1866**
**Chicago, IL 60604**

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2021-05202 | **Katarzyna Hammond,** Investigator | (312) 872-9703 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]   The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)*

**- NOTICE OF SUIT RIGHTS -**
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Julianne Bowman/eh*     9/30/2021

Enclosures(s)     **Julianne Bowman, District Director**     *(Date Issued)*

cc:   **THE EXCHNAGE**
**Nick Ware**
**Store Manager**
**935 West Belmont Avenue**
**Chicago, IL 60657**

1/2

      The court has personal jurisdiction over J.S. Music Corporation because it or its subsidiaries did business in the state of Illinois. According to the Illinois Long Arm Statute 735ILCS 5/2-209, courts in Illinois have jurisdiction over Defendants who are not otherwise residents of the state when they transact business within the court's jurisdiction. In this case, J.S. Music Corporation clearly conducted business within this jurisdiction as J.S. Music Corporation conducts business in Illinois, Ohio, and Indiana underneath the registered trade names The Exchange and The Exchange Buy Sell Trade as evidenced by their business filings with the Secretary of State offices of these three states. This is additionally verified by the fact that the Plaintiff's paycheck for his work at The Exchange Buy Sell Trade was issued from a bank account with J.S. Music Corporation listed as the account owner.

      On May 8th, Plaintiff opened the 935 W Belmont Ave location of The Exchange Buy Sell Trade in Chicago, IL along with regional manager Jordan Schaeffer. During the course of normal business hours, the Plaintiff disclosed to Mr. Schaeffer that he was Autistic and would require certain reasonable accommodations regarding enhanced communication in order to ensure his continued success in his position. The Plaintiff had previously made the same disclosure and request for accommodations to store manager Nick Ware who had been understanding and acknowledged the request in a private meeting.

      Later in the morning on May 8th, an issue arose when the Plaintiff asked for additional communication from Mr. Schaeffer in order to resolve it. This was a request in line with his notice to Mr. Schaeffer and Mr. Ware about the reasonable accommodations he would require. In response, Mr. Schaeffer accused the Plaintiff of "making things more difficult than they needed to be" and "trying to figure out a way to work around the rules".

      In the early afternoon of May 8th, Mr. Schaeffer called the Plaintiff into the rear office to notify him that he was being terminated with a written notice that not only misrepresented the Plaintiff's work history as an employee but also cited an inability to "communicate effectively with management".

      The Plaintiff alleges that this refusal to provide a reasonable accommodation as outlined by the U.S. Equal Employment Opportunity Commission and his subsequent termination are clear violations of §1630.8 and §1630.9 of the Americans with Disabilities Act Amendments Act of 2008. As this is a violation of federal law and the diversity of citizenship of the Plaintiff and Defendant (Based upon information and belief, the Plaintiff alleges the Defendant is headquartered in Cleveland, OH.), this lawsuit is being filed in the Northern District of Illinois

2/2

which is where the Plaintiff resides. The Plaintiff has previously received a Notice of a Right to Sue from the EEOC after filing a complaint with them.

  As a result of this discrimination, the Plaintiff will be asking for damages in lost wages totalling $38,374.29 and damages for emotional distress totalling $117,680 for a total amount of $156,054.29. The Plaintiff may also ask for punitive damages if applicable.